**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, )  | |
|                  Plaintiff, ) | |
| ) | |
|           -v- ) | Case No. 1:06-cr-027 |
| ) | |
| David Joseph Jackson, ) | |
|                  Defendant. ) | |

**MEMORANDUM AND ORDER**

The Court entered an order, following a bench trial, finding the defendant guilty of 4 of the 10 counts contained in the indictment. At the conclusion of the trial, the Court indicated to defense counsel that he was not in a position to evaluate the defendant's claim that because of his sexual orientation, he derived no sexual gratification from the use of his penis and therefore was unlikely to have engaged in the conduct described by the alleged victims. Counsel was invited to furnish the Court with an article or articles illustrating the condition described by the defendant. Government counsel was rather adamant in stating that the trial was over and that no evidence was before the Court on this issue.

The order finding the defendant guilty was entered before defense counsel had an opportunity to furnish any materials to the Court, and was entered after the Court had the opportunity to review the transcript of the alleged victims' testimony. Defense counsel has now filed a motion for acquittal and has attached thereto excerpts from two studies which document that certain individuals, male in anatomy, are sexually active "but avoided using their penis in sexual activity."

1

Despite the difficulties in evaluating the studies because of unfamiliarity with the terminology used to attempt to distinguish between various forms of what the Court would describe as "deviant behavior," it appears that what the Court earlier termed the "irrelevant appendage" defense may in fact apply to certain individuals. It is however not persuasive.

After reviewing the testimony and noting the time period covered by the testimony of the children, the Court again finds that the Government has sustained its burden of proof on the counts of conviction previously noted. The defendant may indeed have progressed to the point he now describes, but the process involved the conduct complained of.

The post trial motion for acquittal or new trial is denied.

Dated this 14th day of November, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court